CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2013

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN K. BOYD, JR., | ) | CASE NO. 7:13CV00443 |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | MEMORANDUM OPINION |
|  | ) |  |
|  | ) |  |
| JUDGE MARCUS LONG, ET AL., | ) | By: James C. Turk |
|  | ) | Senior United States District Judge |
| Defendant(s). | ) |  |

John K. Boyd, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that two witnesses and the trial judge caused him to be wrongfully convicted. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice for failure to present a plausible claim for relief under § 1983.

I

Boyd's allegations are brief:

Two nurses from Montgomery Co. Hospital testif[ied] that no DNA and tearing was evident on Evelyn Smith, the victim [and] Judge Marcus Long didn't acknowledge the facts of the case when announcing sentence.

Compl. 2. Boyd states that as relief in this action, he "want[s] the courts to over Rule Judge Longs rul[ing]," and he seeks reimbursement for lost wages.

Records for the Montgomery County Circuit Court available online indicate that Boyd pleaded guilty in June 2013 to a charge of aggravated sexual battery and was sentenced to ten years, with four years and ten months suspended (Case No. CR12001543-00). A review of appellate court records does not indicate that Boyd appealed this conviction or filed any habeas

action related to it. Circuit court records also indicate that proceedings related to a similar conviction in 2008 are currently pending before the circuit court (Case No. CR08001096).

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court construes Boyd's claims and his request to have the trial judge's ruling overturned as a challenge to the lawfulness of his current confinement. When an inmate seeks to challenge the fact or duration of his detention, a civil rights complaint under § 1983 is not the proper legal remedy. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). A detainee may raise such challenges to his detention only by filing a petition for a writ of habeas corpus, following exhaustion of available state court remedies. Id.; see also 28 U.S.C. § 2254(b) (regarding exhaustion requirement).[1] Thus, Boyd's challenge to the judge's ruling in his criminal proceeding is not actionable under § 1983.[2]

---

[1] As records indicate that Boyd has not filed any habeas corpus action related to the challenged conviction, the court is satisfied that he has not yet satisfied the exhaustion requirement under § 2254(b). For that reason, the court will not construe his current submission as a habeas petition under § 2254.

[2] To the extent that Boyd seeks monetary damages based on the defendants' alleged actions, his claims are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding that alleged violations of plaintiff's constitutional rights are not actionable under § 1983 if a finding in plaintiff's favor would necessarily invalidate his detention on pending charges or his conviction).

For the reasons stated, the court dismisses Boyd's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state an actionable claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of September, 2013.

/s/ James C. Turk
Senior United States District Judge